# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

A. Z. MCCLURE, a/k/a Az McClure,
*Defendant-Appellant.*

No. 00-4888

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-93-23-P)

Submitted: December 20, 2001

Decided: January 2, 2002

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James S. Weidner, Jr., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A. Z. McClure appeals the district court's revocation of his term of supervised release and imposition of a term of imprisonment. He challenges the sufficiency of the evidence to support the district court's finding that he unlawfully possessed a firearm, the basis on which his supervised release was revoked.

This court reviews for abuse of discretion the district court's decision to revoke a defendant's supervised release and impose a term of imprisonment. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). In the face of a challenge to the sufficiency of the evidence, a factfinder's determination must be upheld if there exists substantial evidence to support it, viewing the evidence most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Rather, the credibility of witnesses is within the sole province of the factfinder. *United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996).

McClure claims that the evidence supporting the district court's finding that he violated his supervised release by being in unlawful possession of a firearm was insufficient to determine that he had knowledge of the presence of the firearm found in the vehicle he was driving. In support of his contention, he points to the testimony of a defense witness who testified that the pistol found in McClure's trunk was hers, that she accidentally left it in the trunk of the vehicle she shared with McClure, and that he had no knowledge of the presence of the firearm.

In contrast to the testimony of McClure's witness, the government presented testimony from the two arresting officers who observed the firearm in the trunk, and who were informed prior to the vehicle stop that a female passenger of the vehicle was in fear and that a weapon was in the vehicle. The government also submitted evidence that McClure had used weapons in the past based upon his lengthy gun-related criminal history, as well as his own testimony at the revoca-

tion hearing. McClure was proven to be the registrant of the vehicle in which the firearm was found and his work tools were found in the trunk along with the firearm. Furthermore, he conceded on cross-examination that the owner of the firearm, his live-in companion, told him prior to his arrest that she owned firearms, including the Ruger 9 millimeter handgun at issue.

After hearing the contradictory evidence, the judge determined that the government's evidence was more credible than that presented by McClure. Because this court may not review witness credibility, *see Saunders*, 886 F.2d at 60, we affirm the revocation of McClure's supervised release, and the imposition of the twenty-one month term of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*